**AFFIRMED as MODIFIED and Opinion Filed October 5, 2022**



In The

## Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-22-00308-CR

**LESSLIE VIANEY LUNA, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 86th Judicial District Court**
**Kaufman County, Texas**
**Trial Court Cause No. 18-11042-86-F**

## MEMORANDUM OPINION

Before Justices Smith, Nowell, and Osborne
Opinion by Justice Smith

Appellant Lesslie Vianey Luna appeals from a judgment revoking her community supervision and sentencing her to five years' confinement. In a single issue, she contends the judgment erroneously reflects that she pleaded true to the allegations in the motion to revoke and asks this Court to modify the judgment. We agree and modify the trial court's judgment revoking community supervision.

## Background

In 2019, appellant was indicted for sexual assault of a child. She entered a negotiated guilty plea to the lesser-included offense of attempted sexual assault of a child and requested that she be placed on community supervision. The trial court

found appellant guilty and sentenced her to ten years' confinement. The trial court then suspended the sentence of confinement in favor of placing appellant on community supervision for six years.

The State subsequently filed a motion to revoke, alleging appellant had violated a number of her community supervision conditions. Following a hearing on the motion, the trial court found the State's allegations true and entered a judgment revoking appellant's community supervision and imposing a sentence of five years' confinement. Just prior to making its finding and sentencing appellant, the trial court stated that appellant had pleaded not true to the allegations in the motion to revoke. The judgment revoking community supervision, however, reflects that appellant pleaded true to the allegations.

## Modification of Judgment

In a single issue, appellant requests that we modify the judgment revoking community supervision to reflect that she pleaded not true to the State's allegations in the motion to revoke.[1] When a record contains the necessary information, we may modify an incorrect judgment to correct clerical errors. TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc). Here, the record shows that appellant pleaded not true to the allegations prior to the hearing

---

[1] The State has not filed a brief in response.

on the motion to revoke.  Because the trial court's Judgment Revoking Community Supervision states otherwise, we sustain her sole issue and modify the section of the judgment entitled "Plea to Motion to Adjudicate" to state "Not True."

As modified, we affirm the trial court's judgment.

/Craig Smith/
CRAIG SMITH
JUSTICE

220308f.u05
Do Not Publish
TEX. R. APP. P. 47.2(b)



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

LESSLIE VIANEY LUNA,
Appellant

No. 05-22-00308-CR          V.

THE STATE OF TEXAS, Appellee

On Appeal from the 86th Judicial
District Court, Kaufman County,
Texas

Trial Court Cause No. 18-11042-86-F.

Opinion delivered by Justice Smith.
Justices Nowell and Osborne
participating.

Based on the Court's opinion of this date, the trial court's Judgment Revoking Community Supervision is **MODIFIED** as follows:

to replace "True" with "Not True" in the section entitled "Plea to Motion to Adjudicate"

As **MODIFIED**, the judgment is **AFFIRMED**.

Judgment entered this 5th day of October, 2022.